

*James F. Schneider*

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| IN RE | BANKRUPTCY CASE NO: |
| Dwayne Nicholson, | 09-19532 |
| Debtor. | Chapter 13 |

### ORDER CONDITIONALLY GRANTING
### EMERGENCY MOTION FOR LEAVE TO FILE
### SCHEDULES UNDER SEAL

Upon consideration of the Debtor's Emergency Motion For Leave To File Schedules Under Seal (Doc 31), after notice and a hearing conducted on June 22, 2009, upon consideration of the arguments of counsel for the Debtor and counsel for the U.S. Trustee at an *in camera* hearing conducted at the request of Debtor's counsel and with the consent of the U.S. Trustee, for the reasons set forth in an Addendum to this Order to be filed under Seal, and pursuant to 11 U.S.C. § 107(c) and Federal Rule of Bankruptcy Procedure 9018, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Debtor's Emergency Motion For Leave To File Schedules Under Seal be and hereby is conditionally granted; and it is further

**ORDERED**, that the following documents prepared by the Debtor and any subsequent amendments thereto by the Debtor shall be received by the Clerk under Seal and protected by the Clerk from public disclosure:

        (1) Schedules of Assets and Liabilities (and any addenda thereto);
        (2) Statement of Financial Affairs;
        (3) Statement of Intention;
        (4) Chapter 13 Plan; and
        (5) Means Test Form (Form B22C); and it is further

**ORDERED**, that creditors be and hereby are authorized, but not directed, to file pleadings in this case via hard copy documents (and/or in electronic format on CD) by delivery of same to the attention of:

        **\*\* Personal and Confidential \*\***
        United States Bankruptcy Court
        c/o Division Manager Ken Ridgeway
        Garmatz Federal Courthouse
        101 West Lombard Street
        Baltimore, Maryland 20121

For pleadings filed in this manner, the Clerk will note on the docket the filing of the pleading but will not make the underlying pleading available for public access via PACER or otherwise, and it is further

**ORDERED**, that Debtor's counsel be and hereby is directed to serve a copy of this Order on all creditors and to file a certificate of service of same with the Clerk; and it is further

**ORDERED**, that if pleadings are filed by parties in interest on the electronic docket of this case, upon a written request by the Debtor to the Clerk and copied on the U.S. Trustee,

the Clerk shall use all reasonable means to prevent the electronically-filed pleading from being disclosed to the public on the Court's electronic docket system (i.e., "PACER"); and it is further

**ORDERED**, that notwithstanding the foregoing, all presently known parties in interest in this case (for example, without limitation, creditors, the U.S. Trustee, case trustees, and any state and federal governmental entities) shall continue to receive service of all notices and pleadings in the ordinary course and be granted, upon request to the Clerk with copy to the U.S. Trustee, with full access to any and all documents filed in this proceeding; and it is further

**ORDERED,** that upon the motion of any party in interest, and good cause being shown, the Court may, in its discretion, after notice and a hearing, allow full access to any and all documents filed in this proceeding to that party in interest, and may allow that party in interest to receive service of all notices and pleadings in the ordinary course; and it is further

**ORDERED**, that upon request by the U.S. Trustee or any party in interest for good cause shown, this Order may be modified or vacated, as appropriate, by the Court at anytime; and it is further

**ORDERED**, that upon the closing of this case, the Court retains jurisdiction to modify this Order at anytime as it is the Court's expectation that the time will come when the record of this case will no longer need to be protected from public disclosure and, therefore, should be returned to the public records rolls of this Court, including its PACER System.

cc:    Mark A. Neal
        Office of the U.S. Trustee

        Adam M. Frieman, Esquire
        Debtor's Counsel

        Gerard R. Vetter
        Chapter 13 Trustee

**END OF ORDER**